IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYARRA HUDSON, | Case No.  24-cv-01519-MMC |
| Plaintiff, | |
| v. | **ORDER GRANTING LYFT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| LYFT, INC., | |
| Defendant. | |

Before the Court is defendant Lyft, Inc.'s ("Lyft") "Motion to Dismiss First Amended Complaint," filed June 14, 2024, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. On July 8, 2024, plaintiff Kyarra Hudson ("Hudson") filed opposition, to which Lyft, on July 22, 2024, replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter appropriate for resolution on the parties' respective written submissions, VACATES the hearing scheduled for August 16, 2024, and rules as follows.

**BACKGROUND**

Hudson, a resident of Illinois, alleges that on January 19, 2021, she was sexually assaulted by her Lyft driver. (See First Amended Complaint ("FAC") ¶¶ 9, 134–136, Doc. No. 23.) Specifically, she alleges that, during a Lyft ride, she "fell asleep," and when she "awoke at her destination, the Lyft driver was on top of [her] [and] had forcibly groped [her] breasts and penetrated her vagina with his fingers." (See id. ¶ 135.) After "[t]he incident was reported to Lyft, Lyft informed [Hudson] that the Lyft driver had been removed from the Lyft platform." (See id. ¶ 137.)

According to Hudson, Lyft "has known of the ongoing sexual assaults and rapes by Lyft drivers upon Lyft passengers" for "more than eight years," and has responded "inadequate[ly]" by "continu[ing] to hire drivers without performing adequate background checks," "allow[ing] culpable drivers to keep driving," and "fail[ing] to adopt and implement reasonable monitoring procedures designed to ensure the safety of its passengers." (See id. ¶¶ 2–3.)

Based on the above allegations, Hudson asserts the following nine causes of action against Lyft and 50 Doe defendants: (1) "Negligence (Including Negligent Hiring, Retention, Supervision, and Entrustment)," (2) "Misrepresentation," (3) "Negligent Failure to Warn," (4) "Negligent Infliction of Emotional Distress," (5) "Common Carrier's Non-Delegable Duty to Provide Safe Transportation," (6) "Other Non-Delegable Duties to Provide Safe Transportation," (7) "Vicarious Liability for Lyft Driver's Torts (Employee, Retained Control, Apparent Agency, Ratification, California Public Utilities Code)," (8) "Breach of Contract,"[1] (9) "Strict Product Liability (Failure to Warn and Design Defect)," and (10) "Violation of Unfair Competition Law (Cal. Bus. & Prof. Code § V 17200 Et Seq.". (See id. 26:16–61:12.)

**LEGAL STANDARD**

**A. Failure to State a Claim**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a

---

[1] In her opposition, Hudson "concedes her claim for breach of contract and her reliance on California Public Utilities Code § 5354 as a basis for Lyft's vicarious liability." (See Pl.'s Opp'n. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n.") at 1:28 n.2, Doc. No. 36.)

United States District Court
Northern District of California

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**B. Choice of Law**

A district court sitting in diversity over state-law claims applies the forum state's choice-of-law principles. See Nelson v. Int'l. Paint Co., 716 F.2d 640, 643 (1983), citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). California uses the three-step "governmental interests" approach to determine which jurisdiction's law applies. See Washington Mutual Bank, FA v. Superior Court, 24 Cal. 4th 906, 919–920 (2001). First, "the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California." See id. Second, if the laws differ, the Court must "determine what interest, if any, each state has in having its own law applied to the case." See id. at 920. Where both states have an interest in applying their own law, the Court must "select the law of the state whose interests would be 'more impaired' if its law were not applied." See id. Where, however, neither party shows the laws of the two jurisdictions materially differ, California law applies. See Textron Inc. v. Travelers Casualty & Surety Co., 45 Cal.App.5th 733, 755

3

(2020).

**DISCUSSION**

By the instant motion, Lyft seeks an order dismissing Hudson's "non-statutory claims" on grounds of untimeliness, and additionally, as to Hudson's claims for negligent hiring, et al., misrepresentation, common carrier liability, and vicarious liability, as well as statutory unfair competition, an order of dismissal for failure to state a claim. (See Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1–2, Doc. No. 29.)

**A.  Statute of Limitations**

As alleged in the FAC, the assault against Hudson occurred in Illinois on January 19, 2021 (see FAC ¶ 134), and Hudson filed her initial complaint in the Northern District of California on March 12, 2024 (see Complaint, Doc. No. 1). The parties agree that, by virtue of California's borrowing statute (see Cal. Code Civil P. § 361), Illinois' two-year personal injury statute of limitations governs all of Hudson's non-statutory claims (see Def.'s Mot. at 3; Pl.'s Opp'n. at 3:21–25). The parties appear to disagree, however, as to whether California or Illinois accrual law applies. (See Def.'s Reply in Supp. of Mot. to Dismiss ("Defs.' Reply") at 2:19–24, Doc. No. 38 (arguing "Illinois' discovery rule does not apply"); Pl.s Opp'n. at 3:20–6:16 (making accrual arguments only under Illinois law).) Accordingly, the Court conducts a choice-of-law analysis.

**1.  Material Difference in Law**

The Court first assesses whether Illinois law "materially differs from the law of California" as to the accrual issue. See Washington Mut. Bank, FA, 24 Cal. 4th at 919.

**a.  Illinois Law**

Hudson argues that, despite having filed her complaint more than three years after the alleged assault, her claims are "timely by virtue of Illinois's discovery rule." (See Pl.'s Opp'n. at 3:25–26.)

Illinois' discovery rule "is a judicially created device under which the statute of limitation commences 'when the [p]laintiff knew or should have known that [he/she] was injured.'" See Johnson v. Johnson, 701 F.Supp. 1363, 1367 (N.D. Ill. 1988) citing Lincoln-

Way Community v. Village of Frankfort, 367 N.E.2d 318, 323–24 (Ill. App. 3d 1977). As Hudson notes, the rule was adopted to limit the "harsh results" of the "mechanical application of a statute of limitations in situations where an individual would be barred from suit before he was aware he was injured." See Hermitage Corp. v. Contractors Adjustment Co., 651 N.E.2d 1132, 1135–36 (Ill. May 18, 1995). Relying thereon, Hudson argues she "was not aware of her right to sue Lyft at the time of her assault because she was not aware of the foreseeability of the assault she endured," nor of "the inadequacy of Lyft's mechanisms to prevent sexual misconduct." (See Pl.'s Opp'n. at 4:26–5:9 citing FAC ¶¶ 141, 142.)

The Illinois Supreme Court, however, has "expressly disavowed" plaintiff's interpretation of the discovery rule, i.e., that "a person is not charged with knowledge sufficient to trigger the running of the limitations period as to any particular defendant until the person knows or reasonably should know that the injury was caused by the negligence *of that defendant*." See Wells v. Travis, 672 N.E.2d 789, 793 (Ill. App. 3d 1996) (emphasis in original). Rather, even where the discovery rule applies, the statute of limitations begins to run "when 'the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'" See Castello v. Kalis, 816 N.E.2d 782, 793 (Ill. App. 3d 2004) citing Knox College v. Celotex Corp. et al., 430 N.E.2d 976 (Ill. 1981); see, e.g. Hoffman v. Orthopedic Sys., Inc., 765 N.E.2d 116, 122 (Ill. App. 1 2002) (finding plaintiff's products liability claim against operating table manufacturer time barred; holding limitations period ran from time plaintiff "knew she had suffered an injury [during surgery] and that the injury may have been wrongfully caused," not when she learned "of a specific defendant's negligent act").

Here, Hudson was aware of her injury and its wrongful nature at the time of the event. (See FAC ¶¶ 136–37 (noting plaintiff "screamed at the Lyft driver" and "incident was reported to Lyft").) Accordingly, under Illinois law, the Court finds Hudson's non-statutory causes of action accrued when she became aware of the assault. See Golla v.

General Motors Corp., 657 N.E.2d 894, 899 (Ill. 1995) (holding that "where the plaintiff's injury is caused by a sudden traumatic event, . . . the cause of action accrues, and the statute of limitations begins to run, on the date the injury occurs") (internal quotation and citation omitted).

### b.  California Law

Lyft contends Hudson's claims are similarly foreclosed under California law. In California, the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action," i.e., at the point that the "plaintiff[ ] ha[s] reason to at least suspect that a type of wrongdoing has injured them," see Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005), and, as Lyft points out, the California Supreme Court has held "[t]he discovery rule . . . allows accrual of the cause of action even if the plaintiff does not have reason to suspect the defendant's identity." See id. at 807.

In light of such authority, Hudson's non-statutory claims are untimely under California law.[2]

Accordingly, no conflict existing between Illinois and California law, California law applies, and consequently, Hudson's non-statutory claims are subject to dismissal on grounds of untimeliness.[3]

### B.  Statutory Unfair Competition

Hudson, relying, inter alia, on her allegation that "Lyft's conduct was fraudulent because it was grounded in Lyft's representation that it would protect its passengers'

---

[2] The Court has not addressed herein plaintiff's allegation that "the running of any statute of limitations has been equitably tolled by reason of Lyft's intentional representations and fraudulent concealment and conduct" (see FAC ¶ 143), as Hudson, has not responded to Lyft's challenge thereto, see Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010) (holding "[a] plaintiff who makes a claim in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss, has effectively abandoned his claim") (internal quotation, citation, and alterations omitted).

[3] In light of the above finding, the Court does not address herein Lyft's argument that four of Spano's non-statutory claims also fail for failure to state a claim.

safety" (see FAC ¶ 307), seeks to hold Lyft liable for violation of California's prohibition of "unlawful, unfair, or fraudulent business acts or practices" under California Bus. & Prof. Code § 17200 and seeks an injunction thereunder. (See FAC ¶¶ 304–311.)

At the outset, Lyft argues Hudson lacks standing to bring said claim, noting a plaintiff seeking injunctive relief must show she is "realistically threatened by a repetition of the [alleged] violation." See Def.'s Mot. at 14 citing Deitz v. Comcast Corp., No. C 06-06352 WHA, 2006 WL 3782902, at *3 (N.D. Cal. Dec. 21, 2006). Although, as Hudson notes, consumers may have standing to seek injunctive relief in connection with "a product's misleading representation" where they "face[ ] an actual and imminent threat of future injury because [they] may be able to rely on the defendant's representations in the future, or because the plaintiff may again purchase the mislabeled product," see Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 968 (9th Cir. 2018) (finding standing where plaintiff alleged "desire[ ]" to purchase product again), Hudson has not alleged her intention or desire to use Lyft's services at any point in the future.

Accordingly, the Court finds Hudson's statutory claim is subject to dismissal.[4]

### CONCLUSION

For the reasons stated above, Lyft's motion to dismiss is hereby GRANTED.

As Hudson may be able to cure some of the above-discussed deficiencies, she is hereby afforded leave to amend. Hudson's Second Amended Complaint, if any, shall be filed no later than September 6, 2024.

**IT IS SO ORDERED.**

Dated: July 30, 2024

MAXINE M. CHESNEY
United States District Judge

---

[4] In light of such finding, the Court does not address herein Lyft's additional argument that Hudson's statutory claim is subject to dismissal for lack of equitable jurisdiction.

7

United States District Court
Northern District of California